# In the United States Court of Federal Claims
### OFFICE OF THE SPECIAL MASTERS
No. 12-124V
Filed: May 25, 2012

| | | |
|---|---|---|
| KIMBERLY SEWELL, | ) | |
| | ) | |
| Petitioner, | ) | TO BE PUBLISHED |
| | ) | |
| v. | ) | Motion to dismiss;  motion for |
| | ) | summary judgment;  six-month |
| SECRETARY OF | ) | durational requirement;  mootness; |
| HEALTH AND HUMAN SERVICES, | ) | capable of repetition yet evading |
| | ) | review;  justiciability;  jurisdiction; |
| Respondent. | ) | cure defective petition |
| | ) | |

## ORDER[1]

### I. PROCEDURAL HISTORY

On March 2, 2012, Respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment ("Motion"), arguing that the Petition should be dismissed because Petitioner "cannot meet the petition content requirements set forth in the Act." Mot. at 1. "Specifically, petitioner could not have suffered the residual effects or complications of her vaccine injury for more than six months, since, as pled, the onset of her alleged vaccine-related injury occurred on or about September 24, 2011, less than six months before her claim was filed." Id.

On March 13, 2012, I convened a status conference to discuss Respondent's Motion. Respondent argued that I have no jurisdiction to hear the Petition because Petitioner failed to satisfy the six-month durational requirement under 42 U.S.C. § 300-aa 11(c)(1)(D)(i). In response, Petitioner argued that Respondent's Motion would be moot on March 24, 2012, and her claim should be allowed to proceed.

After additional discussion I informed the parties that I would not decide the merits of Respondent's Motion until the issue of mootness was resolved. The parties were ordered to brief the issue of mootness. See Order, Mar. 14, 2012.

---

[1] In accordance with Vaccine Rule 18(b), a petitioner has 14 days to file a proper motion seeking redaction of medical or other information that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Rules of the United States Court of Federal Claims ("RCFC"), Appendix B, Vaccine Rule 18(b). Redactions ordered by the special master, if any, appear in the document as posted on the United States Court of Federal Claims' website.

The parties timely filed their briefs.  On April 13, 2012, Petitioner filed a Response to the Motion.  On April 27, 2012, Respondent filed a Reply.  On April 30, 2012, Petitioner filed a Sur-Reply.

## II. DISCUSSION

### A. Justiciability

Petitioner urges the Court to find the Secretary's Motion moot because the requisite six months since Petitioner's vaccination and alleged injury has elapsed.  Pet'r's Resp. at 2-3.  According to Petitioner, "[t]he passage of time since the petition was filed has cured the defect in pleading caused by the premature filing . . . render[ing] the issue here moot."  Id. at 2.

In reply, the Secretary argues that "[t]he passage of time does not render the issues raised in [her] Motion moot," Resp't's Reply at 9, and "the Court should [neither] suspend proceedings or allow petitioner to cure her defective petition through a supplemental pleading."  Id. at 11.  The Secretary makes several arguments in this regard.

First, the Secretary maintains that her Motion is not moot because Petitioner could potentially receive "additional compensation as a result of having filed prematurely."  Id. at 9.  The premise of the Secretary's argument is that more compensation could be awarded to a petitioner who is alive at the time of filing than to the estate of a petitioner who died before the petition was filed.  Id. at 9 n.8.  The Secretary in this respect was responding to the rationale put forth by Petitioner as to why the Petition was filed before six months had elapsed.  See Pet'r's Resp. at 6 n.2.

The Secretary next raises the specter of other petitioners who might make false attestations in a petition in order to gain entry into the Vaccine Program.  Id. at 10.  This argument rests on speculation as to possible future events, including possible future events in other cases involving other petitioners.

Additionally, the Secretary argues that early filing could provide petitioners with a short-cut to seeking compensation outside of the Program.  Id. at 10-11.

Finally, the Secretary contends that "even if the Court were to allow petitioner to cure her defective petition . . . the issue of petitioner's premature filing would not become moot" because Petitioner will eventually seek attorneys' fees, which will require the Court to determine the permissibility of "fees and costs associated with filing a claim that admittedly did not meet the statutory requirement."  Resp't's Reply at 11.  Respondent argues that "there was no reasonable basis for petitioner's claim, and any request by petitioner for an award of attorney[s'] fees or costs related to proceedings on this motion should be denied."  Id. at 12.[2]

---

[2] Petitioner argues that "early filing can be done in good faith and with a reasonable basis where the Petitioner suffers from a chronic condition and it is apparent from the extant medical records that the

2

None of these arguments is persuasive as to the issue of mootness. The unstated but persuasive argument involves the capable of repetition yet evading review exception to the mootness doctrine. This "well established" exception, <u>Del Monte Fresh Produce Co. v. United States</u>, 570 F.3d 316, 322 (D.C. Cir. 2009), is "limited to the situation where two elements combine[]: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." <u>Murphy v. Hunt</u>, 455 U.S. 478, 482 (1982) (per curiam) (quoting <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975) (per curiam)) (internal quotation marks omitted).[3]

The Secretary's challenge to Petitioner's premature filing in this case evades review because the matter cannot be fully litigated before the six month durational requirement is met. "By 'evading review' 'the Supreme Court has meant evading Supreme Court review.'" <u>Del Monte</u>, 570 at 322 (quoting <u>Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. District of Columbia</u>, 972 F.2d 365, 369 (D.C. Cir. 1992) (citing <u>Nebraska Press Ass'n v. Stuart</u>, 427 U.S. 539, 547 (1976))). Petitioner filed her Petition on February 23, 2012, a month before meeting the six-month durational requirement.[4] On March 2, 2012, Respondent filed her Motion, and on March 13, 2012, I convened a status conference to discuss the matter. By March 14, 2012, the date on which the parties were ordered to brief the issue of mootness, the durational requirement was within 10 days of being met. Six months since the alleged onset of Petitioner's injury have now passed. The duration of the offending action prior to its cessation by the passage of time is thus too short to be fully litigated in the Vaccine Program, much less receive Supreme Court review. The Secretary's challenge therefore meets the "evading-review" prong of the exception.

As to the second prong, the Court must decide whether the same type of offending action "is sufficiently likely to recur." <u>Del Monte</u>, 570 at 322. In making this decision, the Court must "determine 'exactly what must be repeatable.'" <u>Id.</u> (quoting <u>PETA v. Gittens</u>, 396 F.3d 416, 422 (D.C. Cir. 2005)). The focus must be on "whether the legal wrong complained of . . . is reasonably likely to recur," rather than on "whether the precise historical facts that spawned the . . . claims are likely to recur." <u>Id.</u> at 324.

The legal wrong at issue here is the filing of a petition when less than six months have elapsed since the alleged vaccine injury. Petitioner states that she filed her

---

Petitioner will have residual effects, e.g.[,] numbness and tingling, well beyond 6 months." Pet'r's Resp. at 6 n.2. The distinct question of whether there was a reasonable basis at the time of filing to anticipate that Petitioner's illness would persist for the required six months may be left for the future, when the amount of attorneys' fees and costs to which Petitioner is entitled is assessed.

[3] <u>See</u> <u>Roe v. Wade</u>, 410 U.S. 113, 125 (1973) (applying this exception to litigation involving pregnancy, the "classic justification for a conclusion of nonmootness[,]" as "[i]t truly could be 'capable of repetition, yet evading review'").

[4] <u>See</u> Resp't's Reply at 1-2 ("the onset of her alleged vaccine-related injury occurred on or about September 24, 2011, less than six months before her claim was filed").

Petition early to preserve her claim in the event she "die[d] of an unrelated cause prior to the filing of the claim." Pet'r's Resp. at 6 n.2. Although "[t]his pre-filing death may seem like an unlikely scenario," Petitioner's counsel states, she "has had at least 3 cases where this issue could have arisen." Id. Two of the cases Petitioner's counsel describes involved individuals who, like Petitioner, suffered from GBS. Id. One of the petitioners died of leukemia and the other attempted suicide. Id. While it may be that the precise facts giving rise to the Secretary's Motion in this matter are unlikely to recur, the question to be answered is whether the legal wrong is reasonably likely to recur. See Del Monte, 570 at 324.

The Supreme Court has said that "there must be 'reasonable expectation' or 'demonstrated probability' that the same controversy will recur involving the same complaining party," Hunt, 455 U.S. at 482, however, case law in this area has not developed a clear framework on which to analyze the meaning of those terms. I therefore rely on their plain meaning.

For the Secretary to be subjected to the same legal wrong in the future, Petitioner would have to receive a vaccination, suffer an alleged injury, and file another claim in the Program, a possibility under the Vaccine Act. See 42 U.S.C. § 300aa-11(b)(1)(B)(2) (providing that a "petition may be filed with respect to each administration of a vaccine"). While I can only speculate as to the probability of Petitioner receiving another vaccination and suffering an injury, I find it reasonable to expect that if Petitioner found herself in that circumstance, she would again file early. Whether Petitioner would file early for the same or different reason is immaterial because the legal wrong would be the same.

I therefore find that there is a reasonable expectation that if Petitioner is vaccinated in the future and suffers an alleged injury, there is a demonstrated probability that she will prematurely file another petition for compensation. Thus, the Secretary's challenge also meets the "capable of repetition" prong of the exception.

Because the legal wrong of premature filing is capable of repetition yet evading review, the Secretary's Motion is not moot. Accordingly, I now decide whether I have jurisdiction to hear Petitioner's claim for compensation.

### B. **Jurisdiction**

The Secretary argues that Petitioner's claim should be dismissed under either Rule 12(b)(1) or 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Resp't's Reply at 2, 7.[5]  With respect to Rule 12(b)(1), the Secretary

---

[5] The Secretary argues that under Rule 12(b)(6), the Petition not only should be summarily dismissed but Petitioner should be permanently barred from seeking compensation under the Vaccine Act. Resp't's Reply at 7-8. For the reasons stated herein, and supported by the decision in Black v. Secretary of the Department of Health & Human Services, 93 F.3d 781 (Fed. Cir. 1996), the Petition is not fatally defective, but can be cured by amendment, as appropriate. The Secretary's position is also adverse to one of the purposes of the Vaccine Program, which was designed to offer an alternative to expensive, formal litigation. Congress did not intend to replicate in the Vaccine Program the litigious atmosphere that

maintains that dismissal of the claim is warranted because Petitioner failed to satisfy a condition precedent for compensation under the Vaccine Act and the defect cannot be remedied by an amended pleading because the defect is "jurisdictional." Id. at 2.  The Secretary argues that the Vaccine Act requires that the six-month waiting period actually be satisfied before filing, and that the petitioner must attest to that fact.  Id. at 3.

      The Federal Circuit addressed a similar argument in Black v. Secretary of the Department of Health & Human Services, 93 F.3d 781, 790 (Fed. Cir. 1996).  In Black, the Court permitted an amended petition to be filed within the statute of limitations period to allege that petitioner had incurred more than $1,000 in unreimbursable expenses.  As noted by the Federal Circuit in Black, a defect in a petition may "be cured by a supplemental pleading under Rule 15(d), in appropriate circumstances."  93 F.3d at 790.  The Circuit in Black construed a requirement then contained in the same section of the Vaccine Act concerned here, section 300aa-11(c).  The $1,000 expenses requirement was no more or less a condition precedent to filing for compensation under the Vaccine Act than is the six-month durational requirement.  Consistent with the result in Black, Petitioner in this case should be permitted to correct the deficiency in the Petition.

      The Vaccine Act contains no express prohibition on filing a petition before the six-month requirement has been met.  The operative language from section 11(c) states merely that "A petition for compensation under the Program for a vaccine-related injury or death shall contain – . . . ." 42 U.S.C. § 300aa-11(c).  As discussed in the Black decision, in the absence of an express prohibition, cases filed before satisfaction of a statutory prerequisite can proceed once the statutory condition is satisfied, so long as the claim is perfected before the statute of limitations has run.  Black, 93 F.3d at 790-91.

      The argument that a defect in a petition for vaccine injury compensation is "jurisdictional" has been rejected by the Federal Circuit most recently in Cloer v. Secretary of the Department of Health & Human Services, 654 F.3d 1322 (Fed. Cir. 2011).  Cloer concerned the statute of limitations.  In contrast to the six-month duration requirement, section 16, which covers the statute of limitations, contains language that is "prohibitive" on its face: 42 U.S.C. §300aa-16(a)(1), (2), and (3) expressly states "no such petition may be filed."  The Court in Cloer held nevertheless that the statute of limitations was not "jurisdictional."  On this basis, it would appear unlikely that the Cloer court would consider the six-month duration requirement to be jurisdictional, because that provision contains no statutory prohibition on filing before expiration of the six months.[6]

---

precludes injured persons from obtaining compensation in our civil courts.  See 42 U.S.C. §300aa-12(d)(2)(A) (Vaccine Program rules shall "provide for a less-adversarial, expeditious, and informal proceeding for the resolution of petitions"); Cloer, 654 F.3d at 1325-26 (noting intent of Congress to compensate injured persons quickly and fairly).

[6] It is true that the decision in Cloer states, in obiter dictum, that the six-month waiting period in section 11(c) is "a condition precedent to filing a petition for compensation," which is "intended to restrict eligibility" to the Vaccine Program.  654 F.3d at 1335.  Clearly, a petitioner is not eligible for compensation unless the alleged vaccine injury has persisted for a period of six months.  But Cloer does not address the

5

### III. **CONCLUSION**

Based on the record before me and the parties' arguments as set forth in their briefs, I find that the issue presented by Respondent's Motion is justiciable; it is not, however, jurisdictional. Therefore, Respondent's Motion is **DENIED** on the merits. Petitioner is ordered to file within 10 days an amended petition, so styled. This Order is without prejudice to Respondent's right to move for dismissal at a later date, as appropriate.[7]

Accordingly,

**on or before Tuesday, June 5, 2012,** Petitioner shall file an amended petition, so styled.

Any questions regarding this Order shall be directed to my law clerk, Jay All, at (202) 357-6353.

**IT IS SO ORDERED.**

s/ Dee Lord
Dee Lord
Special Master

---

question whether a defective petition can be amended to cure the defect, or whether, as the Secretary asserts, the defect is incurable because the statute intends to prohibit the act of filing such a petition.

[7] See Rule 12(h)(3), RCFC ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Kontrick v. Ryan, 540 U.S. 443, 444 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action." (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)).