# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 13, 2017

```
* * * * * * * * * * * * * * * * * * *
KIMBERLY SEWELL,                    *           No. 12-124V
                                    *
                Petitioner,         *           Special Master Gowen
v.                                  *
                                    *           Attorneys' Fees and Costs;
SECRETARY OF HEALTH                 *           Petitioner's Costs;
AND HUMAN SERVICES,                 *           Special Master's Discretion;
                                    *           Travel Time; Reduction of
                Respondent.         *           Hourly Rates
* * * * * * * * * * * * * * * * * * *
```

Anne C. Toale, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS FEES AND COSTS[1]

On February 23, 2012, Kimberly Sewell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.,[2] (the "Vaccine Act" or "Program"). Petition (ECF No. 1). Petitioner also filed an amended petition on May 30, 2012. Amended Petition ("Am. Petition") (ECF No. 16). Petitioner alleged that she developed chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of a Tetanus, Diphtheria, and Pertussis ("TDaP") vaccine administered on September 13, 2011. Am. Petition at ¶6. On April 18, 2017, I issued a decision awarding compensation to petitioner based on the parties' joint stipulation. Decision dated August 23, 2017 (ECF No. 105).

On October 5, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion (ECF No. 110). Petitioner requests attorneys' fees in the amount of $102,171.00, and costs in the amount of $61,577.16. *Id.* at 1. In compliance with General Order #9, petitioner

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

filed a signed statement indicating that she incurred $185.00 in out-of-pocket expenses. Petitioner's Motion, Tab 3 at 1.

On October 31, 2017, respondent filed a response to Petitioner's Motion.  Respondent's Response (ECF No. 111).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On November 1, 2017, petitioner filed a reply to respondent's response.  Petitioner's Reply (ECF No. 112).  Petitioner argues that respondent provided no precise objection to her motion and that she has met her burden of establishing that she is entitled to an award of reasonable fees and costs.  Petitioner's Reply at 2-4.

This matter is now ripe for adjudication.

## I.  Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(3) (1).  In the present case, petitioner was awarded compensation pursuant to a joint stipulation and is therefore entitled to an award of reasonable attorneys' fees and costs.

### A.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings.  *Avera,* 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).

The special master may reduce a request *sua sponte,* apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

### i.      Reasonable Hourly Rates

Petitioner requests compensation for her attorneys, Ms. Anne Toale, Ms. Diana Stadelnikas, and Ms. Amber Wilson.  Petitioner's Motion at Tab 1.  In addition to her attorneys, petitioner also requests compensation for work performed on her case by paralegals and law clerks. *Id.*

Petitioner requests the following hourly rates for her counsel[3]:

|  | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|---|
| Anne C. Toale | $300 | $300 | $300 | $300 | $300 | $367 | $378 |
| Diana L. Stadelnikas | -- | -- | $300 | -- | -- | -- | -- |
| Amber D. Wilson | -- | -- | -- | -- | $295 | $301 | $308 |
| Law Clerk | -- | -- | -- | -- | -- | -- | $150 |
| Paralegals | $75 $105 $135 | $95   $135 | $95 $135 | $135 $145 | $95 $105 $135 $145 | $135 | $145 |

The requested hourly rates for Ms. Toale, Ms. Stadelnikas, and the paralegals who performed work on the case have previously been found reasonable. *See Day v. Sec'y of Health & Human Servs.*, No. 12-630V, 2017 WL 3381049 (Fed. Cl. Spec. Mstr. Jul. 11, 2017); *Battistone v. Sec'y of Health & Human Servs.*, No. 09-878V, 2017 WL 2333627 (Fed. Cl. Spec. Mstr. May 2, 2017); *See also Bell-O'Neal v. Sec'y of health & Human Servs.*, No. 13-835V, 2017 WL 1739206 (Fed. Cl. Spec. Mstr. Apr. 4, 2017); *Kyles v. Sec'y of Health & Human Servs.*, No. 15-1262V, 2016 WL 8715743 (Fed. Cl. Spec. Mstr. Dec. 9, 2016).  These rates are also consistent with the ranges provided in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), and the Office of Special Masters Fee Schedules for the appropriate years.[4]  The undersigned also finds these rates to be reasonable and awards them in full.

The requested rates for Ms. Wilson require adjustment, however, as they exceed the ranges provided in *McCulloch* for an attorney of her experience.  According to Ms. Wilson's

---

[3] *See* Petitioner's Motion, Tab 1 at 35.

[4] *See OSM Attorneys Forum Hourly Rate Fee Schedules*, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed September 29, 2017).

declaration, she was admitted to practice in Florida on September 27, 2012, which means she had between 3-5 years of experience during the years she performed work on this case. Petitioner's Motion, Tab 5 at 1. *McCulloch* suggests an hourly rate of $150.00 to $225.00 for attorneys with less than four years of experience in 2015-16, and an hourly rate of $230.00 to $307.00 for attorneys with four to seven years of experience in 2017.

Other special masters have previously reduced Ms. Wilson's hourly rates for consistency with *McCulloch* and the OSM Fee Schedules. *See Anthony v. Sec'y of Health & Human Servs.*, No. 15-636V, 2017 WL 4898932, at *2 (Fed. Cl. Spec. Mstr. Oct. 6, 2017); J*ohnson v. Sec'y of Health & Human Servs.*, No. 14-642C, 2017 WL 4585215 (Fed. Cl. Spec. Mstr. Sept. 21, 2017); *Noblett v. Sec'y of Health & Human Servs.*, No. 14-969V, 2017 WL 3033932 (Fed. Cl. Spec. Mstr. June 15, 2017). In *Anthony*, Special Master Millman provided a reasoned analysis of Ms. Wilson's experience and awarded her the following rates: $225.00 per hour for work performed in 2015; $275.00 for work performed in 2016; and $290.00 for work performed in 2017. I also find these rates reasonable and will reduce Ms. Wilson's rate accordingly, **resulting in a reduction of $6,693.20.**

### ii.       Reasonable Hours Expended

The second factor in the lodestar formula is a reasonable number hours expended. Reasonable hours are not excessive, redundant, or otherwise unnecessary. *See Shorkey v. Sec'y of Health and Human Servs.*, No. 15-768C, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017); *Saxton v. Sec'y of Health and Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).

It is "well within the special master's discretion to reduce the hours to a number that, in [his] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

I have reviewed the billing records submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing the task. I find that the hours expended are overall reasonable, with the exception of entries that bill time for travel at a full hourly rate. Ms. Toale billed 13.4 hours for travel, and Ms. Wilson billed 2 hours for travel.[5] Both billed at a full hourly rate and will be reduced to half their normal hourly rate for travel.

---

[5] *See* Petitioner's Motion, Tab 1 at 6, 25-26.

The Vaccine Program routinely compensates attorneys at half their normal rate for time spent traveling.  *See Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, \*10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, \*6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); *Scoutto v. Sec'y of Health & Human Servs.*, No. 90-3576, 1997 WL 588954, \*5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at \*24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at \*21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at \*12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791-2 (2010).  An attorney who documents that he or she worked on the case in question while flying, for example, may be entitled to regular compensation for that time, but it should be recognized that even for those who do work while on a plane, some parts of the trip must by necessity not involve work time.  For example, travel from the office to the airport, traversing the airport, hotel check-in, and time spent driving and flying should all be billed at half-rate.

Petitioner's attorneys have previously been denied their full rate for travel time.  *Day v. Sec'y of Health & Human Servs.*, No. 12-630V, 2017 WL 3381049 (Fed. Cl. Spec. Mstr. Jul. 11, 2017); *Gruber,* 91 Fed. Cl. 773, 790-91; *Bassett v. Sec'y of Health & Human Servs.*, 15-1231V, 2017 WL 2883899 (Fed. Cl. Spec. Mstr. March 23, 2017).  In the instant case, petitioner's counsel provided no explanation or reasoning for billing their travel at the full hourly rate.  I will thus compensate Ms. Toale and Ms. Wilson at half their hourly rate for the time they billed while traveling, **resulting in a reduction of $2,156.20.[6]**

### B.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $61,577.16 in costs.  Most notably, petitioner is requesting the reimbursement of $56,299.23 paid to her expert witnesses and a life care planner for work they performed on her case.  Petitioner's Motion, Tab 2 at 1-3.  Petitioner also requests $2,262.10 in reimbursement for costs related to obtaining the extensive medical records in this case, and $1,477.50 for her counsel's travel expenses.  *Id.* The remainder of petitioner's requested costs consist *inter alia*, of the filing fee, costs for obtaining and reviewing medical literature, and postage.  *Id.* Petitioner submitted complete invoices and receipts for each of her expenses.  After a review of the submitted invoices, I find these costs reasonable and award them in full.

Petitioner also requests reimbursement of her out-of-pocket expenses, which total $185.00.  Petitioner's Motion at 2.  Petitioner's expenses were incurred for obtaining medical records and thus will be awarded in full.

---

[6] Ms. Wilson's rate was first adjusted to $275.00 per hour and then reduced by one-half.

### II.  Total Award Summary

Based on the foregoing, I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees**

| | |
|---|---|
| Requested attorneys' fees | $102,171.00 |
| Adjustments to Ms. Wilson's rates | - 6,693.20 |
| Travel time reduction | - 2,148.40 |
| **Attorneys' Fees Awarded** | **$93,329.40** |

**Costs**

| | |
|---|---|
| **Attorneys' Costs Awarded** | **$61,577.16** |

| | |
|---|---|
| **Total Attorneys' Fees and Costs Awarded** | **$154,906.56** |

| | |
|---|---|
| **Petitioner's Costs Awarded** | **$185.00** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $154,906.56[7], representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Anne Toale, of Maglio, Christopher & Toale, P.A.; and**

2) **A lump sum in the amount of $185.00, representing reimbursement for petitioner's out-of-pocket costs, in the form of a check payable to petitioner, Kimberly Sewell.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[8]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[7] These amounts are intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by an attorney against the petitioner, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.